**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **MARIO J. G.,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:17-cv-00269-PMW** |
| **NANCY A. BERRYHILL, Acting Commissioner of Social Security,** | |
| **Defendant.** | **Chief Magistrate Judge Paul M. Warner** |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. [1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is plaintiff Mario J. G's ("Plaintiff") appeal of the Acting Commissioner of Social Security's ("Commissioner") final decision denying his claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). [2] After careful review of the administrative record, the parties' briefs, and the relevant law, the court finds no reversible legal error and concludes that the Commissioner's decision is supported by substantial evidence. The court therefore affirms the decision.

---

[1] *See* docket no. 14.

[2] *See* docket no. 3.

## BACKGROUND

In September 2013, Plaintiff applied for DIB and SSI alleging disability beginning in December 2012.[3] Plaintiff alleged disability following a 2005 injury on the basis of post-traumatic concussion syndrome and dementia.[4] Plaintiff's claims were denied initially and on reconsideration.[5] Plaintiff requested a hearing, which was held on February 9, 2016 before administrative law judge B. Hobbs (the "ALJ").[6]

On March 28, 2016, the ALJ issued a decision finding Plaintiff not disabled under the Social Security Act (the "Act").[7] The ALJ found that Plaintiff had the severe impairments of headaches, remote traumatic brain injury, mood disorder not otherwise specified, and anxiety disorder not otherwise specified.[8] However, the ALJ found that these severe impairments did not meet or medically equal a Listed impairment.[9] The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels, but with the following nonexertional limitations: he could understand, remember, and carry out only short, simple instructions; he could make only simple work-related judgments and decisions; and he could

---

[3] *See* Administrative Record ("Tr. ____") 20, 197-204.

[4] *See* Tr. at 197, 208.

[5] *See* Tr. at 137-42, 145-50.

[6] *See* Tr. at 41-79.

[7] *See* Tr. at 20-34.

[8] *See* Tr. at 22.

[9] *See* Tr. at 24.

have no more than occasional changes in the routine work setting.[10] Given this RFC, the ALJ found the Plaintiff capable of returning to his past work as a production assembler, a light, unskilled occupation.[11] Therefore, the ALJ found Plaintiff not disabled.[12]

In February 2017, the agency's Appeals Council denied Plaintiff's request for review,[13] making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD OF REVIEW

The court "'review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). In reviewing the ALJ's decision, the court cannot "reweigh the evidence" or "substitute" its judgment for that of the ALJ. *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted). "[F]ailure to apply the correct legal standard or to

---

[10] *See* Tr. at 24.

[11] *See* Tr. at 34.

[12] *Id.*

[13] *See* Tr. at 1-6.

provide this court with a sufficient basis to determine that appropriate legal principles have been

followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)

(quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is

disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(v); *see also Williams v.*

*Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988) (discussing the five-step process). If a

determination can be made at any one of the steps that a claimant is or is not disabled, the

subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The

five-step sequential disability determination is as follows:

> 1.       If the claimant is performing substantial gainful work she is not disabled.

> 2.       If the claimant is not performing substantial gainful work, her impairment(s) must be severe before she can be found to be disabled.

> 3.       If claimant is not performing substantial gainful work and has a severe impairment(s) that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment(s) meets or medically equals a listed impairment contained in [20 C.F.R. § 404, Part P, Appendix 1], the claimant is presumed disabled without further inquiry.

> 4.       If the claimant's impairment(s) does not prevent her from doing her past relevant work, she is not disabled.

> 5.       Even if the claimant's impairment(s) prevent her from performing her past relevant work, if other work exists in significant numbers in the national economy that accommodates her [RFC] and vocational factors, she is not disabled.

*Martin v. Barnhart*, 470 F. Supp. 2d 1324, 1326–27 (D. Utah 2006); *see* 20 C.F.R. §§

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Williams*, 844 F.2d at 750–51.

The claimant bears the burden of proof beginning with step one and ending with step

four. *See Williams*, 844 F.2d at 750–51; *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d

359, 360 (10th Cir. 1993). At step five, the burden of proof shifts to the Commissioner to establish "whether the claimant has the [RFC] . . . to perform other work in the national economy in view of his [or her] age, education, and work experience." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled.  If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," *id*., he is disabled and entitled to benefits.

## ANALYSIS

Plaintiff's opening brief alleges three flaws in the ALJ's decision, which Plaintiff argues merit reversal. First, Plaintiff alleges that the ALJ erred in weighing the opinions of the medical expert, Ron Houston, Ph.D. ("Dr. Houston") and Liz McGill, Ph.D. ("Dr. Magill"). Second, Plaintiff argues that the ALJ failed to follow Social Security Ruling ("SSR") 96-8p by allegedly failing to include a narrative discussion of the evidence supporting the ALJ's decision. Finally, Plaintiff argues that the ALJ erred in her step-four analysis by failing to evaluate the mental and physical demands of Plaintiff's past work. For the reasons that follow, the court concludes that all of Plaintiff's arguments fail.

### I.    The ALJ Properly Weighed the Medical Opinions

Plaintiff first argues that the ALJ erred in weighing the opinions of Drs. Houston and McGill.

The ALJ is required to "evaluate every medical opinion" "regardless of the source." 20 C.F.R. §§ 404.1527(c), 416.927(c). In weighing medical source opinions, the regulations set

forth several factors to consider, including examining relationship and the treatment relationship between the source and the claimant; the supportability of the opinion, including "the degree to which [the source] provide[s] supporting explanations for their opinions[;]" consistency with the record as a whole; the area of medical specialization of the source; and, other factors such as the source's understanding of the agency's disability programs and evidentiary requirements, and familiarity with the record. *See* 20 C.F.R. §§ 404.1527(c)(1)–(5), 416.927(c)(1)–(5). "[A]n ALJ must explain what weight is assigned to each opinion and why." *Silva v. Colvin*, 203 F. Supp. 3d 1153, 1157 (D.N.M. 2016) (citing SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996)). However, the ALJ is not required to expressly apply every factor. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating that the plaintiff "cites no law, and we have found none, requiring an ALJ's decision to apply expressly each of the six relevant factors in deciding what weight to give a medical opinion."). Moreover, the regulations provide that certain issues, including "[o]pinions that [the claimant] [is] disabled" or "unable to work," are "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(1)-(3).

Plaintiff argues that the ALJ erred in weighing Dr. Houston's opinion because Plaintiff asserts that his review of the record was more than cursory, and that "[w]ith the exception of the state agency opinions, there are no other medical opinions that contradict Dr. Houston's opinion."[14] The ALJ assigned "little weight" to Dr. Houston's opinion, explaining that "[h]is evaluation of the evidence was cursory" and points to contradictory evidence in the record as

---

[14] Docket no. 16 at 9.

support for the weight assigned.[15] Moreover, the ALJ noted that Dr. Houston's opinion was based on IQ tests that were of suspect reliability because "the individual performing the claimant's IQ tests remarked that the claimant was not using full effort."[16]

Plaintiff also argues that the ALJ should not have disregarded Dr. McGill's opinion regarding Plaintiff's ability to work. Plaintiff also asserts that the ALJ substituted her opinion for that of medical professionals when she noted that the results of testing were a possible underestimate of Plaintiff's cognitive functioning. As to Dr. McGill's opinion, the ALJ explained that because Dr. McGill "provide[d] no explanation for her conclusions" and the record indicated that "[t]he results of testing were considered a possible underestimate of current cognitive function due to the waxing and waning of the claimant's effort," the ALJ gave little weight to Dr. McGill's opinion. The ALJ also discounted Dr. McGill's statements regarding Plaintiff's ability to work because such "determinations [are] reserved to the Commissioner."[17]

The court concludes that in weighing the opinions of Drs. Houston and McGill, the ALJ relied on legitimate factors and gave good reasons for the weight assigned. The ALJ did not err in noting that determinations regarding the ability to work are reserved to the Commissioner, and properly gave little weight to Dr. McGill's opinions on that issue. The court also finds Plaintiff's argument that the ALJ substituted her opinion for that of a medical professional unpersuasive. The Commissioner points out, and the court agrees, that the ALJ did not rely on her own

---

[15] *See* Tr. at 32.

[16] *Id.*

[17] *Id.*

interpretation of raw data to come to this conclusion. Rather, she relied on the opinions of medical professionals that these results were invalid. As the ALJ indicated, it was the examiner who administered the test who cautioned that the results could be an underrepresentation of Plaintiff's cognitive functioning,[18] and the ALJ cited this opinion in her decision.[19]

For the foregoing reasons, the court finds that the ALJ did not err in weighing the opinions of Drs. Houston and McGill.

## II.        The ALJ Adequately Explained the RFC

Plaintiff next argues that the ALJ did not follow SSR 96-8p in making her RFC determination, because the decision lacked a "narrative discussion describing how the evidence supports" her conclusions.[20] *See* SSR 96-8p. Specifically, Plaintiff argues that the ALJ "never explained how a claimant with memory limitations in the extremely low category could perform the job identified."[21] Plaintiff also argues that the ALJ's alleged failure to provide a narrative discussion resulted in a flawed consideration of his headaches.[22] The court disagrees.

Over the span of eight pages in her decision, the ALJ extensively discussed the evidence in the record.[23] Contrary to Plaintiff's assertion that the ALJ failed to explain how a claimant with Plaintiff's limitations could perform the job identified, the ALJ set forth the record evidence

---

[18] *See* Tr. at 332.

[19] *See* Tr. at 32 (citing Exhibit 4F at 9-10 (Tr. at 332-33)).

[20] Docket no. 16 at 12-13.

[21] *Id*. at 13.

[22] *See id*. at 13-14.

[23] *See* Tr. at 24-33.

of Plaintiff's normal memory and concentration.[24] Plaintiff's argument is premised on tests which the ALJ determined were unreliable. As discussed above, the ALJ reasonably based the conclusion that the testing was of suspect reliability on the opinion of a medical professional, not her own opinion,[25] and reasonably discounted the only two medical opinions that support disabling limitations. Reading the ALJ's decision as a whole, the ALJ's reasoning is clear, and supported by substantial evidence in the record. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (holding that "[w]here, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal"); *see also Wall v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009) (stating that the court should not reverse for error that, "based on a reading of the ALJ's decision as a whole, would lead to unwarranted remands needlessly prolonging administrative proceedings") (quotation and citation omitted).

Moreover, the court finds that the ALJ's consideration of Plaintiff's headaches does not warrant reversal. Plaintiff argues that the ALJ erred in not providing a narrative discussion of the evidence supporting her decision as required by SSR 96-8p. The regulations require the ALJ to "include a narrative discussion describing how the evidence supports each conclusion, giving specific medical facts . . . and nonmedical evidence . . . . The [ALJ] must also explain how any material inconsistencies or ambiguities in the case record were considered and resolved." SSR 96-8p. The record shows that the ALJ noted Plaintiff's testimony that "after his injury, he had

---

[24] *See* Tr. at 28, 29.

[25] *See* Tr. at 29.

severe migraines every day."[26] Then, the ALJ detailed the medical evidence in the record which led to her conclusion that Plaintiff had "significant improvement in the frequency and severity of [Plaintiff's] headaches with treatment."[27] Contrary to Plaintiff's argument, the ALJ supported her conclusion with citations to specific medical evidence on the record, fulfilling her obligation under SSR 96-8p. The court will not reweigh the evidence or substitute its judgment for that of the ALJ. *See Madrid*, 447 F.3d at 790.

### III.     The ALJ Did Not Err at Step Four

Finally, Plaintiff argues that the ALJ erred at phase two of step four by allegedly failing to make specific findings regarding the physical and mental demands of Plaintiff's past relevant work. In *Winfrey v. Chater*, the Tenth Circuit described the three phases comprising that the step-four analysis of claimant's ability to perform past relevant work. 92 F.3d 1017, 1023 (10th Cir. 1996). In phase one, "the ALJ must evaluate the claimant's physical and mental" RFC. *Id.* At phase two, the ALJ "must determine the physical and mental demands of the claimant's past relevant work." *Id.* Finally, at phase three, the ALJ "determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one." *Id.* "At each of these phases, the ALJ must make specific findings." *Id.* The Tenth Circuit has also held that an ALJ may rely on the testimony of the VE at step four. *See Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) (finding that "[t]he ALJ did not delegate the analysis [at step four] to the" VE, where the ALJ "quoted the VE's testimony approvingly, in

---

[26] Tr. at 30.

[27] *Id.*

support of his own findings at phase two and three of the analysis"); *see also Winfrey*, 92 F.3d at 1025 (holding that "the ALJ may rely on information supplied by the VE at step four").

Here, the ALJ found at phase one of step four that Plaintiff is capable of simple work with no more than occasional changes in a routine work setting.[28] Plaintiff argues that the ALJ "completely ignored the second phase of the evaluation."[29] The court disagrees. The ALJ cited the VE's testimony that claimant's job as a production assembler was light, skilled work and "that, given the limitations, the claimant could do his past work as a production assembler because it was very repetitive with few changes."[30] Relying on that testimony the ALJ compared the RFC "with the physical and mental demands of" Plaintiff's past relevant work, and found that Plaintiff could "perform his job as a production assembler."[31] The court concludes that the ALJ did not delegate her phase two analysis to the VE, but cited his testimony approvingly and relied on it for her analysis, as she was permitted to do. *See Doyal*, 331 F.3d at 761; *Winfrey*, 92 F.3d at 1025. Accordingly, the court concludes that the ALJ did not commit reversible error in her step-four analysis.

---

[28] *See* Tr. at 24.

[29] Docket no. 16 at 16.

[30] Tr. at 34.

[31] *Id.*

## CONCLUSION

Based on the foregoing, the court concludes that all of Plaintiff's arguments fail.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is

AFFIRMED.

IT IS SO ORDERED.

DATED this 19th day of September, 2018.

BY THE COURT:

_____
PAUL M. WARNER
Chief United States Magistrate Judge